1 ROBERT J. VIZAS (No. 56187)
robert.vizas@aporter.com
2 SHARON D. MAYO (No. 150469)
sharon.mayo@aporter.com
3 ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
4 San Francisco, CA  94111-4024
Telephone:    415.471.3100
5 Facsimile:    415.471.3400

6 Attorneys for VISA INC.,
VISA INTERNATIONAL SERVICE
7 ASSOCIATION, and VISA U.S.A. INC

8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12 | BROADWAY GRILL, INC., a California Corporation, on Behalf of All Others Similarly Situated, | Case No. 4:16-CV-04040-PJH |
|---|---|

13

14 Plaintiff,     **ANSWER OF DEFENDANTS VISA INC.,
VISA INTERNATIONAL SERVICE
ASSOCIATION, AND VISA U.S.A. INC.
TO AMENDED CLASS ACTION
COMPLAINT**

15            vs.

16 VISA, INC., a Delaware Corporation, VISA
INTERNATIONAL ASSOCIATION, and
17 VISA U.S.A., INC., a Delaware Corporation
and DOES 1-500.

18
                        Defendants.
19

20        Defendants Visa Inc., Visa International Service Association (erroneously named in the

21 caption as Visa International Association), and Visa U.S.A. Inc. (collectively "Visa") respond to

22 Plaintiff's Amended Class Action Complaint filed September 27, 2016 (the "Amended Complaint")

23 as follows:

24        1.      Visa denies the allegations in paragraph 1 of the Amended Complaint.

25        2.      Visa is without knowledge or information sufficient to form a belief as to the truth of

26 the allegations in paragraph 2 of the Amended Complaint relating to merchants' costs of acceptance

27 for different payment forms, and on that basis denies them.  Visa denies the remaining allegations in

28 paragraph 2 of the Amended Complaint.

_____
ANSWER OF DEFENDANTS VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, AND VISA U.S.A. INC.

3.      Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint relating to consumers' beliefs, and on that basis denies them.  Visa denies the remaining allegations in paragraph 3 of the Amended Complaint.

4.      Visa admits that Plaintiff purports to bring this action under California's antitrust and unfair competition laws.  Visa denies the remaining allegations in paragraph 4 of the Amended Complaint.

5.      Visa admits that Plaintiff purports to seek damages and/or restitution on behalf of itself and a purported class.  Visa denies the remaining allegations in paragraph 5 of the Amended Complaint.

6.      Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 6 of the Amended Complaint, and on that basis denies them.  Visa denies the remaining allegations in paragraph 6 of the Amended Complaint.

7.      To the extent the second sentence of paragraph 7 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  Visa denies the remaining allegations in paragraph 7 of the Amended Complaint.

8.      Visa admits that Visa Inc.'s principal place of business is 900 Metro Center Boulevard, Foster City, California, which is in San Mateo County.  Visa admits that it runs a global payment card network, over which payments are transmitted when purchases are made using a Visa-branded payment card.  Visa admits that Visa International Service Association and Visa U.S.A. Inc. are wholly owned subsidiaries of Visa Inc.  Visa denies the remaining allegations in paragraph 8 of the Amended Complaint.

9.      Visa admits that Visa International Service Association was founded in 1974 and its principal place of business is 900 Metro Center Boulevard, Foster City, California, which is in San Mateo County.  Visa admits that Visa International Service Association is a wholly owned subsidiary of Visa Inc.  Visa admits that it runs a global payment card network, over which payment-related information is transmitted when purchases are made using a Visa-branded payment

ANSWER OF DEFENDANTS VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, AND VISA U.S.A. INC.

card.  Visa admits that it owns and operates VisaNet, which includes infrastructure used to authorize, settle, and clear payments for transactions made using Visa-branded credit and debit cards.  Visa admits that it provides financial institutions with product platforms encompassing consumer credit, debit, prepaid, and commercial payments.  Visa admits that it owns trademarks and designs including Visa, Visa Electron, PLUS, and Interlink.  Visa denies the remaining allegations in paragraph 9 of the Amended Complaint.

10.     Visa admits that Visa U.S.A. Inc. was founded in 1970 and its principal place of business is 900 Metro Center Boulevard, Foster City, California, which is in San Mateo County. Visa admits that Visa U.S.A. Inc. is a wholly owned subsidiary of Visa Inc.  Visa admits that it runs a global payment card network, over which payment-related information is transmitted when purchases are made using a Visa-branded payment card.  Visa admits that it provides financial institutions with product platforms encompassing consumer credit, debit, prepaid, and commercial payments.  Visa admits that financial institutions issue Visa-branded payment cards to both consumer and commercial customers, and financial institutions acquire transactions from merchants that accept Visa-branded payment cards.  Visa admits that Visa U.S.A. Inc. was formerly known as National BankAmericard Inc. ("NBI"), which changed its name to Visa U.S.A. Inc. in 1976.  Visa denies the remaining allegations in paragraph 10 of the Amended Complaint.

11.     Visa admits that it is a separate and distinct entity from the banks and financial institutions that issue Visa-branded cards to consumers and acquire transactions from merchants. Visa admits that it provides operating rules that govern transactions processed over Visa's payment networks.  Visa denies the remaining allegations in paragraph 11 of the Amended Complaint.

12.     Visa denies the allegations in paragraph 12 of the Amended Complaint.

13.     Visa denies the allegations in paragraph 13 of the Amended Complaint.

14.     Visa denies the allegations in paragraph 14 of the Amended Complaint.

15.     Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint, and on that basis denies them.

16.     Visa denies the allegations in paragraph 16 of the Amended Complaint.

17.     Visa admits that Plaintiff purports to bring this lawsuit against Defendants, individually and collectively, for allegedly participating in and aiding and abetting certain acts alleged in the Amended Complaint.  Visa denies the remaining allegations in paragraph 17 of the Amended Complaint.

18.     Visa denies the allegations in paragraph 18 of the Amended Complaint.

19.     Visa denies the allegations in paragraph 19 of the Amended Complaint.

20.     Visa denies the allegations in paragraph 20 of the Amended Complaint.

21.     Visa denies the allegations in paragraph 21 of the Amended Complaint.

22.     Visa admits that Plaintiff purports to bring this lawsuit against Visa Inc., Visa International Service Association, and Visa U.S.A. Inc. as alleged alter egos and agents of one another with respect to their alleged participation in certain acts alleged in the Amended Complaint. Visa denies the remaining allegations in paragraph 22 of the Amended Complaint.

23.     Visa admits that the Court's jurisdiction is the subject of motion practice.  Visa denies the remaining allegations in paragraph 23 of the Amended Complaint.

24.     Visa admits that Plaintiff purports to bring claims pursuant to the statutes and legal authorities cited in paragraph 24 of the Amended Complaint.  Visa denies the remaining allegations in paragraph 24 of the Amended Complaint.

25.     Visa admits that Visa Inc. and Visa International Service Association have their principal places of business in Foster City, California, which is in San Mateo County.  Visa admits that Visa U.S.A. Inc. has its principal place of business in San Francisco, California, which is in San Francisco County.  Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first two sentences of paragraph 25 of the Amended Complaint, and on that basis denies them.  Visa denies the remaining allegations in paragraph 25 of the Amended Complaint.

26.     To the extent paragraph 26 of the Amended Complaint purports to cite to the Second Circuit's June 30, 2016 opinion in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* or certain law review articles, Visa refers to that opinion and those articles for

their contents and context.  Visa denies the remaining allegations in paragraph 26 of the Amended Complaint.

27.     To the extent a response is required, Visa denies the allegations in paragraph 27 of the Amended Complaint.

28.     To the extent the first sentence of paragraph 28 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  Visa admits that some credit cards allow a consumer to borrow money from the financial institution that issued the card and to repay that money over time.  To the extent paragraph 28 of the Amended Complaint purports to quote *United States v. Am. Express Co.*, 88 F. Supp. 3d 143 (E.D.N.Y. 2015), Visa refers to that decision for its contents and context and avers that the decision has been reversed on appeal.  Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Amended Complaint, and on that basis denies them.

29.     To the extent paragraph 29 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 29 of the Amended Complaint are accurate or complete.  To the extent paragraph 29 of the Amended Complaint purports to quote *United States v. Am. Express Co.*, 88 F. Supp. 3d 143 (E.D.N.Y. 2015), Visa refers to that decision for its contents and context and avers that the decision has been reversed on appeal.  Visa admits that credit cards can be used to make purchases at merchants that accept those cards; that credit cardholders may be invoiced for purchases on a monthly basis; that some credit cards allow a consumer to borrow the money for purchases from the financial institution that issued the card and repay that money over time, pursuant to the terms of an agreement between the cardholder and that financial institution; that interest may accrue on an unpaid credit card balance; and that credit cards may have a preset spending limit, which can be based in part on the cardholder's creditworthiness.  Visa denies the remaining allegations in paragraph 29 of the Amended Complaint.

30.     To the extent paragraph 30 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 30 of the Amended Complaint

are accurate or complete. To the extent paragraph 30 of the Amended Complaint purports to quote *United States v. Am. Express Co.*, 88 F. Supp. 3d 143 (E.D.N.Y. 2015), Visa refers to that decision for its contents and context and avers that the decision has been reversed on appeal.  Visa admits that some charge cards require the cardholder to pay the outstanding balance on a monthly basis. Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Amended Complaint, and on that basis denies them.

31.     To the extent paragraph 31 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 31 of the Amended Complaint are accurate or complete. Visa admits that some credit card products include features such as cash back rebates and rewards programs.  Visa denies the remaining allegations in paragraph 31 of the Amended Complaint.

32.     To the extent paragraph 32 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 32 of the Amended Complaint are accurate or complete. Visa denies the remaining allegations in paragraph 32 of the Amended Complaint.

33.     To the extent paragraph 33 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 33 of the Amended Complaint are accurate or complete. Visa admits that it has established default interchange reimbursement fee schedules that apply to transactions where issuing and acquiring banks have not set their own financial terms for the interchange of Visa transactions.  Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to American Express and MasterCard in the fourth and fifth sentences of paragraph 33 of the Amended Complaint, and on that basis denies them.  To the extent paragraph 33 of the Amended Complaint cites to *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2016 U.S. App. LEXIS 12047, Visa

refers to that decision for its contents and context.  Visa denies the remaining allegations in paragraph 33 of the Amended Complaint.

34.     To the extent paragraph 34 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 34 of the Amended Complaint are accurate or complete.  Visa admits that members of Visa U.S.A. Inc. have included banks and financial institutions in the United States that issue Visa-branded credit and debit cards.  Visa admits, on information and belief, that banks and financial institutions that issue Visa-branded credit and debit cards also issue MasterCard-branded credit and debit cards. Visa admits, on information and belief, that issuers of Visa-branded cards compete with other issuers to issue credit and debit cards to consumers.  To the extent the last sentence of paragraph 34 of the Amended Complaint cites to The Nilson Report, Visa refers to that document for its contents and context. Visa denies the remaining allegations in paragraph 34 of the Amended Complaint.

35.     To the extent paragraph 35 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 35 of the Amended Complaint are accurate or complete.  To the extent paragraph 35 of the Amended Complaint purports to cite to the decision in *United States v. Visa U.S.A. Inc.*, 344 F.3d 229 (2d Cir. 2003), Visa refers to that decision for its contents and context.  Visa denies the remaining allegations in paragraph 35 of the Amended Complaint.

36.     To the extent paragraph 36 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 36 of the Amended Complaint are accurate or complete.  To the extent paragraph 36 of the Amended Complaint purports to quote *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2016 U.S. App. LEXIS 12047, Visa refers to that opinion for its contents and context.  To the extent a further response is required, Visa denies the allegations in paragraph 36 of the Amended Complaint.

37.     To the extent paragraph 37 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 37 of the Amended Complaint are accurate or complete.   To the extent a further response is required, Visa denies the allegations in paragraph 37 of the Amended Complaint.

38.     To the extent paragraph 38 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 38 of the Amended Complaint are accurate or complete.  To the extent a further response is required, Visa denies the allegations in paragraph 38 of the Amended Complaint.

39.     To the extent paragraph 39 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 39 of the Amended Complaint are accurate or complete.  To the extent paragraph 39 of the Amended Complaint purports to cite to the decision in *United States v. Visa U.S.A. Inc.*, 344 F.3d 229 (2d Cir. 2003), Visa refers to that decision for its contents and context.  Visa denies the remaining allegations in paragraph 39 of the Amended Complaint.

40.     To the extent paragraph 40 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 40 of the Amended Complaint are accurate or complete.  To the extent paragraph 40 of the Amended Complaint purports to quote *United States v. Visa U.S.A. Inc.*, 344 F.3d 229 (2d Cir. 2003), Visa refers to that decision for its contents and context.  Visa denies the remaining allegations in paragraph 40 of the Amended Complaint.

41.     To the extent paragraph 41 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 41 of the Amended Complaint are accurate or complete.  To the extent paragraph 41 of the Amended Complaint purports to

describe provisions found in Visa's Operating Regulations,[1] Visa refers to those Operating Regulations for their contents and context.  Visa denies the remaining allegations in paragraph 41 of the Amended Complaint.

42.     To the extent paragraph 42 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 42 of the Amended Complaint are accurate or complete.  Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint relating to MasterCard, and on that basis denies them.  To the extent paragraph 42 of the Amended Complaint purports to describe provisions found in Visa's Operating Regulations, Visa refers to those Operating Regulations for their contents and context.  To the extent paragraph 42 of the Amended Complaint purports to quote *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2016 U.S. App. LEXIS 12047, Visa refers to that opinion for its contents and context.  Visa denies the remaining allegations in paragraph 42 of the Amended Complaint.

43.     To the extent paragraph 43 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 43 of the Amended Complaint are accurate or complete.  Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint relating to MasterCard, and on that basis denies them.  To the extent paragraph 43 of the Amended Complaint purports to describe provisions found in Visa's Operating Regulations, Visa refers to those Operating Regulations for their contents and context.  Visa denies the remaining allegations in paragraph 43 of the Amended Complaint.

44.     To the extent paragraph 44 of the Amended Complaint merely purports to define a term, the allegations do not require a response.  To the extent that a response is required, Visa denies that the definitions, terminology, or descriptions in paragraph 44 of the Amended Complaint

---

[1] Visa's Operating Regulations are now called Visa Core Rules and Visa Product and Service Rules.

ANSWER OF DEFENDANTS VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, AND VISA U.S.A. INC.

1  are accurate or complete.  To the extent paragraph 44 of the Amended Complaint purports to

2  describe provisions found in Visa's Operating Regulations, Visa refers to those Operating

3  Regulations for their contents and context.  Visa denies the remaining allegations in paragraph 44 of

4  the Amended Complaint.

5       45.    To the extent paragraph 45 of the Amended Complaint merely purports to define a

6  term, the allegations do not require a response.  To the extent that a response is required, Visa

7  denies that the definitions, terminology, or descriptions in paragraph 45 of the Amended Complaint

8  are accurate or complete.  To the extent paragraph 45 of the Amended Complaint purports to

9  describe provisions found in Visa's Operating Regulations, Visa refers to those Operating

10 Regulations for their contents and context.  Visa denies the remaining allegations in paragraph 45 of

11 the Amended Complaint.

12      46.    To the extent paragraph 46 of the Amended Complaint merely purports to define a

13 term, the allegations do not require a response.  To the extent that a response is required, Visa

14 denies that the definitions, terminology, or descriptions in paragraph 46 of the Amended Complaint

15 are accurate or complete.  To the extent paragraph 46 of the Amended Complaint purports to cite to

16 the decision in *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2016 U.S.

17 App. LEXIS 12047, Visa refers to that decision for its contents and context.  Visa denies the

18 remaining allegations in paragraph 46 of the Amended Complaint.

19      47.    Visa denies the allegations in paragraph 47 of the Amended Complaint.

20      48.    Visa admits that it engages in commerce, including in the state of California.  Visa

21 denies the remaining allegations in paragraph 48 of the Amended Complaint.

22      49.    Visa is without knowledge or information sufficient to form a belief as to the truth of

23 the allegations in paragraph 49 of the Amended Complaint, and on that basis denies them.

24      50.    Visa denies the allegations in paragraph 50 of the Amended Complaint.

25      51.    Visa denies the allegations in paragraph 51 of the Amended Complaint.

26      52.    Visa admits that it evolved from Bank of America's California bank card program,

27 which began in 1958.  Visa is without knowledge or information sufficient to form a belief as to the

28

truth of the remaining allegations in paragraph 52 of the Amended Complaint, and on that basis denies them.

53.     Visa admits that it evolved from Bank of America's California bank card program, which began in 1958.  Visa admits that Bank of America introduced the BankAmericard in California in 1958 and that the BankAmericard was a paper card with a revolving credit feature.  Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the Amended Complaint, and on that basis denies them.

54.     Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Amended Complaint, and on that basis denies them.

55.     Visa admits, on information and belief, that by 1966 Bank of America licensed the BankAmericard program to banks in other states to process BankAmericard transactions in their regions.  Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of the Amended Complaint, and on that basis denies them.

56.     Visa admits that in 1970 Bank of America transferred ownership of the BankAmericard program to the financial institutions that issued the card, forming NBI.  Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 56 of the Amended Complaint, and on that basis denies them.  Visa denies the remaining allegations in paragraph 56 of the Amended Complaint.

57.     Visa admits that in 1973 NBI launched the first electronic authorization system, BASE I.  Visa admits that in 1974 NBI launched the first electronic clearing and settlement system, BASE II.  Visa denies the remaining allegations in paragraph 57 of the Amended Complaint.

58.     Visa admits that in 1976 NBI changed its name to Visa.  Visa denies the remaining allegations in paragraph 58 of the Amended Complaint.

59.     Visa admits that Visa Inc. commenced an Initial Public Offering ("IPO") on March 18, 2008.  Visa admits that in its fiscal year ending September 30, 2014, its operating revenues were approximately $12.7 billion.  Visa denies the remaining allegations in paragraph 59 of the Amended Complaint.

1    60.    To the extent paragraph 60 of the Amended Complaint cites to The Nilson Report,

2    Visa refers to that document for its contents and context.  Visa is without knowledge or information

3    sufficient to form a belief as to the truth of the allegations relating to MasterCard and American

4    Express in paragraph 60 of the Amended Complaint, and on that basis denies them.  Visa denies the

5    remaining allegations in paragraph 60 of the Amended Complaint.

6        61.    Visa denies the allegations in paragraph 61 of the Amended Complaint.

7        62.    Visa admits that it operates one of the world's most advanced processing networks.

8    Visa denies the remaining allegations in paragraph 62 of the Amended Complaint.

9        63.    Visa admits that a Visa-branded credit card transaction involves a customer

10   presenting a Visa-branded credit card for a purchase to a merchant that accepts Visa cards.  Visa

11   admits that some credit cards include features such as cash back rebates and rewards programs.

12   Visa denies the remaining allegations in paragraph 63 of the Amended Complaint.

13       64.    Visa admits that in a typical Visa transaction, when the cardholder presents a Visa-

14   branded payment card for purchase, the merchant electronically presents the card transaction data to

15   the financial institution or third-party processing firm with which the merchant contracted to accept

16   Visa cards.  Through Visa's network, the acquirer presents the transaction data to Visa, which in

17   turn contacts the card issuer to check the cardholder's bank account or credit line.  The issuer then

18   indicates to Visa that it authorizes or declines the transaction.  Visa relays the message to the

19   merchant's acquirer, which then relays the message to the card terminal at the merchant's point of

20   sale.  Visa denies the remaining allegations in paragraph 64 of the Amended Complaint.

21       65.    Visa admits that in a typical Visa transaction, if the Visa payment card transaction is

22   authorized by the issuer, the merchant will thereafter submit a request for payment to the

23   merchant's acquirer, which relays the request, through Visa, to the issuer.  The merchant's acquirer

24   receives from the issuer the purchase price minus the interchange fee.  The merchant's acquirer in

25   turn pays the merchant the purchase price minus the fee that the merchant has agreed to pay the

26   acquirer.  To the extent that the allegations in the third sentence of paragraph 65 of the Amended

27   Complaint merely purport to define terms, they do not require a response, but Visa denies that the

28   definitions or descriptions set forth in the third sentence of paragraph 65 of the Amended Complaint

ANSWER OF DEFENDANTS VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, AND VISA U.S.A. INC.

are accurate or complete.  Visa denies the remaining allegations in paragraph 65 of the Amended Complaint.

66.     Visa admits that interchange fees on Visa-branded credit cards may vary based on card type, among other factors.  Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to American Express and MasterCard in paragraph 66 of the Amended Complaint, and on that basis denies them.  Visa denies the remaining allegations in paragraph 66 of the Amended Complaint.

67.     Visa admits that its Operating Regulations govern the application of default interchange reimbursement fees where issuing and acquiring banks have not set their own financial terms for the interchange of Visa transactions.  To the extent the fourth sentence of paragraph 67 of the Amended Complaint purports to describe provisions found in Visa's Operating Regulations, Visa refers to those Operating Regulations for their contents and context.  Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to MasterCard in paragraph 67 of the Amended Complaint, and on that basis denies them.  Visa denies the remaining allegations in paragraph 67 of the Amended Complaint.

68.     To the extent paragraph 68 of the Amended Complaint purports to describe provisions found in Visa's Operating Regulations, Visa refers to those Operating Regulations for their contents and context.  To the extent paragraph 68 of the Amended Complaint refers to MasterCard rules, Visa is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.  Visa denies the remaining allegations in paragraph 68 of the Amended Complaint.

69.     Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to merchants, customers, American Express, and MasterCard in paragraph 69 of the Amended Complaint, and on that basis denies them.  Visa denies the remaining allegations in paragraph 69 of the Amended Complaint.

70.     Visa admits that the technology associated with payment cards has evolved since the 1990s.  Visa denies the allegations in the last sentence of paragraph 70 of the Amended Complaint.

1    Visa is without knowledge or information sufficient to form a belief as to the truth of the remaining

2    allegations in paragraph 70 of the Amended Complaint, and on that basis denies them.

3         71.    Visa is without knowledge or information sufficient to form a belief as to the truth of

4    the allegations in paragraph 71 of the Amended Complaint, and on that basis denies them.

5         72.    To the extent paragraph 72 of the Amended Complaint cites to a Nilson Report and

6    U.S. Census Bureau data, Visa refers to those sources for their contents and context.  Visa is

7    without knowledge or information sufficient to form a belief as to the truth of the remaining

8    allegations in paragraph 72 of the Amended Complaint, and on that basis denies them.

9         73.    Visa denies the allegations in the last sentence of paragraph 73 of the Amended

10   Complaint.  Visa is without knowledge or information sufficient to form a belief as to the truth of

11   the remaining allegations in paragraph 73 of the Amended Complaint, and on that basis denies

12   them.

13        74.    Visa denies the allegations in paragraph 74 of the Amended Complaint to the extent

14   they relate to Visa.  Visa is without knowledge or information sufficient to form a belief as to the

15   truth of the remaining allegations in paragraph 74 of the Amended Complaint, and on that basis

16   denies them.

17        75.    Visa admits that its Operating Regulations govern the application of default

18   interchange reimbursement fees where issuing and acquiring banks have not set their own financial

19   terms for the interchange of Visa transactions.  To the extent paragraph 75 of the Amended

20   Complaint purports to cite to the Congressional Record, Visa refers to that source for its contents

21   and context.  Visa is without knowledge or information sufficient to form a belief as to the truth of

22   the allegations relating to MasterCard in paragraph 75 of the Amended Complaint, and on that basis

23   denies them.  Visa denies the remaining allegations in paragraph 75 of the Amended Complaint.

24        76.    To the extent paragraph 76 of the Amended Complaint purports to cite to a Small

25   Business & Entrepreneurship Council document and a U.S. Small Business Administration

26   document, Visa refers to those documents for their contents and context.  Visa denies the remaining

27   allegations in paragraph 76 of the Amended Complaint.

28        77.    Visa denies the allegations in paragraph 77 of the Amended Complaint.

78.     Visa admits that its Operating Regulations govern the application of default interchange reimbursement fees where issuing and acquiring banks have not set their own financial terms for the interchange of Visa transactions.  To the extent paragraph 78 of the Amended Complaint purports to describe provisions found in Visa's Operating Regulations, Visa refers to those Operating Regulations for their contents and context.  Visa is without knowledge or information sufficient as to form a belief as to the truth of the allegations relating to MasterCard in paragraph 78 of the Amended Complaint, and on that basis denies them.  Visa denies the remaining allegations in paragraph 78 of the Amended Complaint.

79.     To the extent paragraph 79 of the Amended Complaint cites to Visa's Operating Regulations, Visa refers to that document for its contents and context.  Visa is without knowledge or information sufficient as to form a belief as to the truth of the allegations relating to MasterCard in paragraph 79 of the Amended Complaint, and on that basis denies them.  Visa denies the remaining allegations in paragraph 79 of the Amended Complaint.

80.     Visa denies the allegations in paragraph 80 of the Amended Complaint.

81.     Visa admits it is an independent business entity from MasterCard.  Visa denies the remaining allegations in paragraph 81 of the Amended Complaint.

82.     Visa is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 82 of the Amended Complaint relating to the citizenship and card acceptance of Plaintiff and the class it seeks to represent, and on that basis denies them.  Visa denies the remaining allegations in paragraph 82 of the Amended Complaint.

83.     Visa denies the allegations in paragraph 83 of the Amended Complaint.

84.     Visa denies the allegations in paragraph 84 of the Amended Complaint.

85.     Visa admits that in 2011 the Federal Reserve Board issued a Final Rule regarding debit interchange reimbursement rates, financial institutions' and merchants' choices among these networks, and transaction routing, as instructed by the Durbin Amendment to the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. 1693o-2.  To the extent Plaintiff purports to characterize the Durbin Amendment and regulations issued by the Federal Reserve pursuant to the Durbin Amendment, Visa refers to those regulations for their contents and context.  Visa admits that

Visa entered into a consent decree with the United States Department of Justice, which was entered as a final judgment on July 20, 2011, and refers to that decree for its contents and context.  To the extent paragraph 85 of the Amended Complaint cites to California Civil Code Section 1748.1 and *Italian Colors Rest. v. Harris*, 99 F. Supp. 3d 1199, 1203 (E.D. Cal. 2015), Visa refers to those sources for their contents and context.  Visa denies the remaining allegations in paragraph 85 of the Amended Complaint.

86.     Visa denies the allegations in paragraph 86 of the Amended Complaint and further denies that it has established supracompetitive default interchange fees.

87.     Visa admits that the Reserve Bank of Australia has imposed regulations that set a cost-based benchmark for the weighted average of domestic interchange fees for Visa- and MasterCard-branded credit cards in Australia.  Visa denies the remaining allegations in paragraph 87 of the Amended Complaint.

88.     To the extent Plaintiff purports to cite to the decisions in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (1988), and *Falk v. Children's Hospital Los Angeles* 237 Cal. App. 4th 1454 (2015), Visa refers to those decisions for their contents and context.  The remainder of paragraph 88 of the Amended Complaint asserts legal conclusions to which no response is required.  To the extent any response is required, Visa denies the allegations in paragraph 88 of the Amended Complaint.

89.     Visa admits that the claims at issue here are substantially similar to and involve the same subject matter and evidence as those at issue in MDL 1720, pending in the Eastern District of New York.

90.     Visa admits that Plaintiff purports to bring this case as a class action.  To the extent a further response is required, Visa denies the allegations in paragraph 90 of the Amended Complaint.

91.     To the extent a response is required, Visa denies the allegations in paragraph 91 of the Amended Complaint.

92.     Visa denies the allegations in paragraph 92 of the Amended Complaint.

93.     Visa responds to the allegations in paragraph 93 of the Amended Complaint as it did when those allegations were made separately.

ANSWER OF DEFENDANTS VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, AND VISA U.S.A. INC.

1    94.    Visa denies the allegations in paragraph 94 of the Amended Complaint.

2    95.    Visa denies the allegations in paragraph 95 of the Amended Complaint.

3    96.    Visa denies the allegations in paragraph 96 of the Amended Complaint.

4    97.    Visa denies the allegations in paragraph 97 of the Amended Complaint.

5    98.    Visa denies the allegations in paragraph 98 of the Amended Complaint.

6    99.    Visa denies the allegations in paragraph 99 of the Amended Complaint.

7    100.    Visa responds to the allegations in paragraph 100 of the Amended Complaint as it

8    did when those allegations were made separately.

9    101.    To the extent paragraph 101 of the Amended Complaint purports to quote section

10   17200 *et seq*. of the California Business & Professions Code, Visa refers to that statute for its

11   contents and context.  To the extent a further response is required, Visa denies the allegations in

12   paragraph 101 of the Amended Complaint.

13   102.    Visa denies the allegations in paragraph 102 of the Amended Complaint.

14   103.    Visa denies the allegations in paragraph 103 of the Amended Complaint.

15   104.    Visa denies the allegations in paragraph 104 of the Amended Complaint.

16   105.    Visa responds to the allegations in paragraph 105 of the Amended Complaint as it

17   did when those allegations were made separately.

18   106.    Visa denies the allegations in paragraph 106 of the Amended Complaint.

19   107.    Visa denies the allegations in paragraph 107 of the Amended Complaint.

20   108.    Visa denies the allegations in paragraph 108 of the Amended Complaint.

21   109.    Visa denies the allegations in paragraph 109 of the Amended Complaint.

22   110.    Visa denies the allegations in paragraph 110 of the Amended Complaint.

23   111.    Visa admits that Plaintiff purports to seek the relief described in paragraph 111 of the

24   Amended Complaint.  Visa denies the remaining allegations in paragraph 111 of the Amended

25   Complaint.

26   112.    Visa admits that Plaintiff purports to seek the relief described in paragraph 112 of the

27   Amended Complaint.  Visa denies the remaining allegations in paragraph 112 of the Amended

28   Complaint.

113.   Visa admits that Plaintiff purports to seek the relief described in paragraph 113 of the Amended Complaint.  Visa denies the remaining allegations in paragraph 113 of the Amended Complaint.

114.   Visa admits that Plaintiff purports to seek the relief described in paragraph 114 of the Amended Complaint.  Visa denies the remaining allegations in paragraph 114 of the Amended Complaint.

115.   Visa admits that Plaintiff purports to seek the relief described in paragraph 115 of the Amended Complaint.  Visa denies the remaining allegations in paragraph 115 of the Amended Complaint.

Visa denies each and every allegation not specifically admitted above.  Visa denies that Plaintiff is entitled to any of the relief that Plaintiff requests in the Amended Complaint.

## AFFIRMATIVE OR OTHER DEFENSES

Without assuming any burden of proof it would not otherwise bear, Visa asserts the following affirmative or other defenses.  Visa reserves the right to assert further defenses as the case proceeds.

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff lacks authority, capacity, or standing to assert them.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff, and persons or entities on whose behalf Plaintiff may be seeking to sue, have not sustained antitrust injury by reason of any act or omission of Visa.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Visa had legitimate business justifications for the conduct at issue, its conduct was pro-competitive, and its practices were and are reasonably justified.

**FIFTH DEFENSE**

Plaintiff's claims have been released or are barred in whole or in part by the doctrine of waiver or estoppel.

**SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, Cal. Bus. & Prof. Code §§ 16750.1, 17208.

**SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**EIGHTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of *res judicata* or collateral estoppel.

**NINTH DEFENSE**

Injuries alleged by Plaintiff were caused in whole or in part by the conduct of third parties for whom Visa was not responsible, through forces in the marketplace over which Visa had no control, or through acts or omissions on the part of the Plaintiff or persons or entities on whose behalf Plaintiff may be seeking to sue.

**TENTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent that they are subject to mandatory arbitration agreements and may not properly be before this Court.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because Plaintiff has failed to join one or more indispensable parties.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Visa was entitled to, and did, reasonably rely on the decision in *National Bancard Corp. v. Visa U.S.A. Inc.*, 779 F.2d 492 (11th Cir. 1986).

## FOURTEENTH DEFENSE

Plaintiff's claims are released or otherwise barred in whole or in part by the settlements and final judgments in *In re Visa Check/MasterMoney Antitrust Litigation*, No. 96-cv-05238 (E.D.N.Y.).

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that they seek to require Visa to act inconsistently with state laws prohibiting surcharging, the Dodd-Frank Act, or the Final Judgment As To Defendants MasterCard International Incorporated and Visa Inc. entered in *United States v. American Express Co.*, No. 10-cv-04496 (E.D.N.Y. July 20, 2011).

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in part by the "filed rate" doctrine or the terms and implementing regulations of the Dodd-Frank Act.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part because of ratification, agreement, acquiescence, or consent to Visa's alleged conduct.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by Visa's restructuring or IPO.

## NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the Commerce Clause of the United States Constitution.

## TWENTIETH DEFENSE

Plaintiff, or persons or entities on whose behalf Plaintiff may be seeking to sue, failed to mitigate damages, if any.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks damages, restitution, or other monetary relief that is duplicative of damages, restitution, or other monetary relief sought or recovered in other actions.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims for damages are barred in whole or in part because those allegedly injured by overcharges passed on such overcharges to others.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part because Visa's conduct was expressly permitted by California or federal laws or regulations.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part due to express contracts.

**TWENTY-FIFTH DEFENSE**

Plaintiff fails to state a claim that may be maintained as a class action.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims for restitution fail because Visa did not accrue, directly or indirectly, any monetary benefit and/or property from Plaintiff.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's Amended Complaint fails to state facts sufficient to state a claim for attorneys' fees.

**TWENTY-EIGHTH DEFENSE**

Plaintiff has not suffered a compensable injury.

**TWENTY-NINTH DEFENSE**

With respect to each of Plaintiff's claims, Visa acted in good faith and its conduct was fully privileged.

**THIRTIETH DEFENSE**

Any injury sustained by Plaintiff or others on whose behalf Plaintiff purports to sue is subject to offset.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the claimed monetary relief is speculative and impossible to ascertain.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTY-SECOND DEFENSE**

The business practices that are subject of the Amended Complaint are not "unfair," "fraudulent," or "unlawful" within the meaning of Cal. Bus. & Prof. Code § 17200.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims are subject to abatement because a putative class action covering the same claims and same potential class members is pending in *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-MD-1720 (E.D.N.Y.).

WHEREFORE, Defendants Visa Inc., Visa International Service Association, and Visa U.S.A. Inc. respectfully request that the Court dismiss the Amended Complaint with prejudice, enter judgment in their favor and against the Plaintiff, award them attorneys' fees, costs, and expenses, and grant them such further relief as is just and equitable.

Dated:  October 11, 2016                    ARNOLD & PORTER LLP

By:  /s/ Robert J. Vizas
Robert J. Vizas
robert.vizas@aporter.com
Sharon D. Mayo
sharon.mayo@aporter.com
Three Embarcadero Center, Tenth Floor
San Francisco, CA  94111-4024
Telephone:      415.471.3100
Facsimile:       415.471.3400

Attorneys for Defendants
VISA INC., VISA INTERNATIONAL
SERVICE ASSOCIATION, and VISA
U.S.A. INC.

ANSWER OF DEFENDANTS VISA INC., VISA INTERNATIONAL SERVICE ASSOCIATION, AND VISA U.S.A. INC.