UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BROADWAY GRILL, INC.,

    Plaintiff,

v.

VISA INC., et al.,

    Defendants.

Case No. 16-cv-04040-PJH

**ORDER DENYING MOTION TO STAY REMAND ORDER PENDING APPEAL**

Re: Dkt. No. 32

Before the court is defendants Visa Inc., Visa International Service Association, and Visa U.S.A. Inc.'s (collectively, "Visa") motion to stay this court's order remanding this case pending appeal. Dkt. 32. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion.

**BACKGROUND**

On September 27, 2016, the court granted plaintiff Broadway Grill Inc.'s ("Broadway Grill") motion for leave to file an amended complaint, and remanded the case to state court on that basis. Dkt. 29 at 6. In particular, the court found that the original putative class definition—"[a]ll California individuals, businesses, and other entities who accepted Visa-Branded Cases in California"—was "ambiguous" as to whether it was limited to California citizens or reached any merchant based in California. Id. at 5–6. The court thus permitted Broadway Grill to amend its complaint "after removal to clarify issues pertaining to federal jurisdiction under CAFA." See Benko v. Quality Loan Serv. Corp., 789 F.3d 1111, 1117 (9th Cir. 2015). Because the amended complaint made clear

that the putative class was limited to California citizens, the court found that there was no minimal diversity among the parties, and the case must be remanded for lack of subject matter jurisdiction. Dkt. 29 at 6.

Later that same day, Visa filed a petition to appeal the remand order pursuant to 28 U.S.C. § 1453(c)(1), and a motion to stay this court's remand order pending resolution of its appeal. Dkt. 32. The court granted a temporary stay of the remand order until Visa's motion to stay could be briefed on an expedited schedule. Dkt. 33. The matter is now fully briefed and ripe for resolution.

## DISCUSSION

**A.     Legal Standard**

An order remanding a case to state court is not generally reviewable on appeal. 28 U.S.C. § 1447(d). However, the Class Action Fairness Act ("CAFA") carves out an exception to this rule, providing that "a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order." 28 U.S.C. § 1453(c)(1). If a petition to appeal is granted, "the [appellate] court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed." Id. § 1453(c)(2).

In deciding whether to grant a stay, the court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether [he] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties . . . ; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 426 (2009) (quotation omitted). The first two stay factors are "the most critical." Lair v. Bullock, 697 F.3d 1200, 1204 (9th Cir. 2012).

Because the remand order is appealable under CAFA, this court retains jurisdiction over the request to stay the case. See Manier v. Medtech Prod., Inc., 29 F. Supp. 3d 1284, 1286–87 (S.D. Cal. 2014).

**B.     Analysis**

As to the first Nken factor, the court finds that Visa has not established a likelihood of success on the merits. The remand here falls squarely within the rule of Benko that "[w]here a defendant removes a case to federal court under CAFA, and the plaintiffs amend the complaint to explain the nature of the action for purposes of our jurisdictional analysis, [the court] may consider the amended complaint to determine whether remand to the state court is appropriate." 789 F.3d at 1117. Visa argues that the amendment here was not a "clarification" permitted by Benko because plaintiff had "no intention" of limiting the class to California citizens. However, that is not what the record reflects. The court has already found that the original putative class definition was "ambiguous." Dkt. 29 at 5. Moreover, Broadway Grill's counsel and its Vice President both aver that they intended only to represent citizens of California. Dkt. 9-1, 9-2. Since the class definition was fairly susceptible to that interpretation, the amendments were clarifications to aid in the court's jurisdictional analysis. Judges in this district have uniformly held that similar amendments may be considered under Benko. See Dkt. 29 at 5 (citing cases).

Moreover, there is no irreparable harm to Visa. Visa's motion relies primarily on the "injury" of having to litigate similar claims in both state court and an MDL. Visa does not explain why this situation—a not-uncommon result given the limited jurisdiction of federal courts—constitutes irreparable harm. In its reply brief, Visa suggests that denial of a stay might cause the Ninth Circuit to lose jurisdiction. Visa cites no authority for this notion, and it appears that the Ninth Circuit has heard appeals in similar cases even without a stay. See, e.g., Doyle v. OneWest Bank, FSB, 764 F.3d 1097 (9th Cir. 2014).

On the third factor, there is no significant harm to Broadway Grill either if a stay were granted. However, the case would be further delayed, perhaps significantly, while the Ninth Circuit decides whether to hear an appeal in this matter. See Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 396 (9th Cir. 2010) (holding that the 60-day period to resolve CAFA appeals does not begin until the petition for permission to appeal is resolved).

3

Finally, the court finds that the public interest factor is neutral. While Visa argues that there is a risk of wasted judicial resources if the case proceeds in state court but then ultimately returns to federal court, the interim proceedings in state court may well help advance the resolution of the case.

In summary, Visa has not shown either of the two most critical factors—a likelihood of success on the merits and irreparable harm—necessary to justify a stay pending appeal. At least as it is currently pled, this court lacks jurisdiction over the case. Broadway Grill should be able pursue its claims in state court without any further delay.

## CONCLUSION

For the foregoing reasons, Visa's motion to stay this court's remand order is DENIED. The Clerk is hereby directed to REMAND the case back to the Superior Court of California, San Mateo County, and close the case on this court's docket.

**IT IS SO ORDERED.**

Dated: October 17, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge